**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ROBERT SCOTT HINRICHS

    Plaintiff,

v.                                                      Case No: 5:15-cv-199-JSM-PRL

AMERICAN PANEL CORPORATION,

    Defendant.
_____/

## ORDER

This cause comes before the court upon Plaintiff's Motion to Strike (Dkt. 12) and Defendant's Response in Opposition to Motion (Dkt. 18). The court, having reviewed the motion, responses, and being otherwise advised in the premises, concludes that the motion should be granted as to Defendant's tenth affirmative defense, and denied as to the remaining.

## MOTION TO STRIKE STANDARD

Federal Rule of Civil Procedure 12(f) permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f). It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2011 WL 398047 (M.D. Fla. 2011). "A court will not exercise its discretion under the rule

to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995).

## DISCUSSION

Plaintiff Robert Scott Hinrichs filed this action against defendant American Panel Corporation alleging violations of the Americans With Disabilities Act/Title VII of the Civil Rights Act of 1964 (ADA) and Florida Statute Section 760. (Dkt. 1). Defendant filed his answer and affirmative defenses. (Dkt. 6). Plaintiff then filed this timely Motion to Strike. (Dkt. 12). Defendant filed a Response in Opposition to Motion. (Dkt. 18).

Defendant's tenth affirmative defense states that "[p]laintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or after acquired evidence." (Dkt. 6). While Defendant asserted ample reason as to the tenth affirmative defense's possible relationship to the controversy, as it stands the tenth affirmative defense is nothing more than a legal conclusion wholly unsupported by facts. Accordingly, the Court will grant Plaintiff's Motion to Strike the tenth affirmative defense.

As motions to strike are highly disfavored and the remaining affirmative defenses are standard defenses and contain no scandalous matter causing prejudice to the Defendant, the Motion to Strike the remaining affirmative defenses is denied. Plaintiff may attack the merits of Defendant's remaining affirmative defenses at the summary judgment stage.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Strike (Dkt. 12) is granted as to the tenth affirmative defense, and denied as to all others.

DONE AND ORDERED this 23rd day of July, 2015, at Tampa, Florida.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\OCALA\15-cv-199 strike 12.docx